**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **CHARGE LION LLC,**<br><br>                              Plaintiff,<br><br>v.<br><br>**STMICROELECTRONICS N.V.,**<br>**STMICROELECTRONICS, INC., AND**<br>**ST-ERICSSON INC.,**<br><br>                              Defendants. | **Civil Action No. 6:12-cv-859**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Charge Lion LLC ("Charge Lion" or "Plaintiff") makes the following allegations against STMicroelectronics N.V., STMicroelectronics, Inc., and ST-Ericsson Inc. (collectively, "Defendants"):

## PARTIES

1.      Charge Lion is a Texas limited liability company having a principal place of business at 2500 Dallas Pkwy, Ste. 260, Plano, Texas 75093.

2.      On information and belief, STMicroelectronics N.V. is a corporation organized and existing under the laws of the Netherlands, with its principal place of business located at WTC Schiphol Airport, Schiphol Boulevard 265, 1118 BH Schiphol Airport, The Netherlands. On information and belief, STMicroelectronics N.V. may be served via its officer or director at the above address.

3.      On information and belief, STMicroelectronics, Inc. is a subsidiary of STMicroelectronics N.V., and a corporation organized and existing under the laws of the State of

Delaware, with its principal place of business located at 750 Canyon Drive, Ste. 300, Coppell, Texas 75019.  STMicroelectronics, Inc. may be served via its registered agent for service of process: The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, Delaware 19801. Collectively, STMicroelectronics N.V. and STMicroelectronics, Inc. are also referred to hereinafter as "STMicroelectronics."

4.      On information and belief, ST-Ericsson Inc. ("ST-Ericsson") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 750 Canyon Drive, Ste. 300, Coppell, Texas 75019.  ST-Ericsson may be served via its registered agent for service of process: The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, Delaware 19801.

## JURISDICATION AND VENUE

5.      This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed acts of patent infringement in this district.

7.      On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,543,702

8.     Plaintiff is the owner by assignment of United States Patent No. 5,543,702 ("the '702 Patent") entitled "Alkaline Battery Charging Method and Battery Charger."  The '702 Patent issued on August 6, 1996.  A true and correct copy of the '702 Patent is attached as Exhibit A.

9.     Upon information and belief, Defendant STMicroelectronics has been and is now infringing the '702 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, providing, supplying, distributing, selling, and/or offering for sale apparatuses and systems and providing methods practiced in Defendant's various battery charger and/or battery charger controller IC products (including, without limitation, model numbers L6924D, STBC08, STC4054, STw4102, and L6924U), covered by one or more claims of the '702 Patent to the injury of Charge Lion.  STMicroelectronics is directly infringing, literally infringing, and/or infringing the '702 Patent under the doctrine of equivalents.  STMicroelectronics is thus liable for infringement of the '702 Patent pursuant to 35 U.S.C. § 271.

10.    Upon information and belief, Defendant ST-Ericsson has been and is now infringing the '702 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, providing, supplying, distributing, selling, and/or offering for sale apparatuses and systems and providing methods practiced in Defendant's various battery charger and/or battery charger controller IC products (including, without limitation, model number PM4210), covered by one or more claims of the '702 Patent to the injury of Charge Lion.  ST-Ericsson is directly

infringing, literally infringing, and/or infringing the '702 Patent under the doctrine of equivalents.  ST-Ericsson is thus liable for infringement of the '702 Patent pursuant to 35 U.S.C. § 271.

11.    Additionally, and in the alternative, upon information and belief, Defendants have also been inducing infringement of the '702 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, performing certain steps of the methods claimed by the '702 patent, and advising, encouraging, or otherwise inducing others to perform the remaining steps claimed by the '702 Patent to the injury of Plaintiff.  Defendants instruct and induce others to practice methods that infringe the '702 Patent by providing datasheets, manuals, and other documentations.  Since at least the filing date of this Complaint, Defendants have had knowledge of the '702 patent and, by continuing the actions described above, have had the specific intent to induce infringement of the '702 patent pursuant to 35 U.S.C. § 271(b).

12.    Defendants have also been contributing to the infringement of the '702 Patent, literally or under the doctrine of equivalents, under 35 U.S.C. § 271(c) by selling or offering to sell in the United States the accused battery charger and/or battery charger controller IC products.  These products have been or are integrated or sold in bundles with battery chargers and/or power management products provided by others, including, but not limited to customers, potential customer, or other users of Defendants.  Since at least the filing date of this Complaint, Defendants have had knowledge of the '702 patent and, by continuing the actions described above, have had the knowledge that the products are especially made or adapted for use in a way that infringes the '702 Patent.  The battery charger and/or battery charger controller IC products

that Defendants provide are a significant part of the inventions of the claims of the '702 Patent and have no significant non-infringing use.

13.     On information and belief, to the extent any marking was required by 35 U.S.C. §287, all predecessors in interest to the '702 Patent complied with any such requirements.

14.     As a result of Defendants' infringement of the '702 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

15.     Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '702 Patent, Plaintiff will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1.     A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly and/or indirectly, by way of inducing and/or contributing to the infringement of the '702 Patent;

2.     A permanent injunction enjoining Defendants and their officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '702 Patent, or such other equitable relief the Court determines is warranted;

3.     A judgment and order requiring Defendants pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '702

Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement;

4.      Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Charge Lion, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED November 7, 2012.                     Respectfully submitted,

By: \s\ *Timothy T. Wang*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com

**Ni Law Firm, PLLC**
8140 Walnut Hill Ln., Ste. 310
Dallas, TX 75231
Telephone: 972.331.4603
Fax: 972.314.0900

**ATTORNEYS FOR PLAINTIFF
CHARGE LION LLC**